FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 05 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00559-BNB

KENNETH MORAN,
    Applicant,

v.

RENE G. GARCIA,
    Respondent.

## ORDER OF DISMISSAL

Applicant, Kenneth Moran, is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution at Englewood, Colorado. Mr. Moran has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1). On March 31, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On April 18, 2011, Respondent filed a Preliminary Response to Petition for Writ of Habeas Corpus (Doc. #9) arguing that this action should be dismissed for failure to exhaust administrative remedies. On May 2, 2011, Mr. Moran filed a "Motion to Amend and Addendum to Writ of Habeas Corpus" (Doc. #10) and an "Affidavit in Support of Habeas Corpus, 28 U.S.C. § 2241 and 42 U.S.C. § 17541" (Doc. #12). Mr. Moran addresses the exhaustion argument to some extent in both the motion to amend and the affidavit filed on May 2 and the Court will consider those arguments. To the extent Mr. Moran seeks to amend the application by

submitting an exhibit that allegedly is attached to the motion to amend, the motion to amend will be denied because no exhibit is attached and there is no indication that the attached exhibit is relevant to the issue of exhaustion of administrative remedies.

The Court must construe the application and other papers filed by Mr. Moran liberally because he is not represented by an attorney. *See **Haines v. Kerner**,* 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon**,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See **Hall**,* 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Moran asserts one claim for relief in the application claiming that he was denied full and fair consideration for a maximum, twelve-month placement in a residential reentry center. According to Applicant, he is scheduled to be transferred to a residential reentry center in August 2011. The parties agree that Mr. Moran currently has a projected release date of November 26, 2011.

As noted above, Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See **Williams v. O'Brien**,* 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See **Woodford v. Ngo**,* 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Moran. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure

allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15. An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id*.

The BOP does not track an inmate's attempts at informal resolution, but it does track formal administrative remedy requests. According to Respondent, Mr. Moran filed a formal administrative remedy request relevant to his claim in this action on March 9, 2011, and that request was denied on March 29, 2011. Respondent further asserts in the Preliminary Response that Mr. Moran did not file a regional appeal following the denial of his formal administrative remedy request.

Mr. Moran contends that he did file a regional appeal on April 11, 2011, which was after Respondent filed the Preliminary Response, but he concedes that he has not completed the BOP administrative remedy procedure. (*See* Doc. 12 at 4.) To the extent Mr. Moran argues that he is not required to exhaust administrative remedies

3

because his constitutional rights allegedly have been violated, his claim has merit, or he is deserving of the relief he seeks, (*see id.* at 4-5), those arguments do not excuse the exhaustion requirement. **See Williams**, 792 F.2d at 987.

Mr. Moran also argues, albeit in a conclusory manner, that it would be futile to exhaust administrative remedies because the BOP is "not allowing him to pursue the Administrative Remedy Process, as a delay tactic." (Doc. #10 at 3.) Mr. Moran further alleges that the BOP has violated "the Administrative Remedy time proscriptions for responses to said filings" and that he "cannot seek a fair and just Administrative Remedy when the B.O.P. will not allow him to seek said remedies, or grant the Reliefs as codified and mandated by Congressional Intent and Statute." (*Id.*) Mr. Moran also alleges in his affidavit that exhaustion would be futile because "*there are only eight months remaining until I am on supervised release in December 2011.*" (Doc. #12 at 4 (emphasis in original).)

The exhaustion requirement may be waived if exhaustion would be futile. **See Fraley v. U.S. Bureau of Prisons**, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." **Holman v. Booker**, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). Furthermore, "conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust." **See Mackey v. Ward**, 128 F. App'x 676, 677 (10th Cir. 2005).

The Court is not persuaded by Mr. Moran's conclusory assertion that exhaustion of administrative remedies would be futile. The fact that Mr. Moran is approaching his release date does not demonstrate that exhaustion of administrative remedies would be

futile. Furthermore, even assuming the BOP has violated the BOP administrative remedy procedure by failing to provide timely responses to the administrative remedies Mr. Moran has filed, an assertion not supported with specific factual allegations or evidence, that circumstance does not demonstrate that exhaustion would be futile or that Mr. Moran should be excused from completing the administrative remedy procedure. See 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

In conclusion, the Court finds that Mr. Moran has failed to exhaust administrative remedies for the claim he is raising in this action and that he fails to demonstrate exhaustion of administrative remedies would be futile or should be excused for some other reason. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the motion to amend (Doc. #10) filed on May 2, 2011, is DENIED. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this  5th  day of     May    , 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00559-BNB

Kenneth Moran
Reg. No. 05139-025
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk